# WHEELING.

### DICK *et als. v.* ROBINSON, ADM'R *et al.*

Submitted January 19, 1880.   Decided December 17, 1881.

*(PATTON, JUDGE, Absent.)

1. A decree dismissing a bill as to one defendant is as to such defendant a final decree.

2. A motion to correct a decree rendered by default under sec. 5 of chap. 134 of the Code is barred in five years from the date of the decree.

3. A decree confirming a sale of real estate will not be reversed for an error in the decree ordering the sale, when no steps have been taken in the court below before confirmation to review the said decree, except perhaps in some cases, where the purchaser is a party to the suit.

Appeal from and *supersedeas* to decrees of the circuit court of the county of Greenbrier rendered respectively on the 25th day of June, 1877, on the 26th day of November, 1877, on the 17th day of June, 1878, and the 14th day of November, 1878, in a cause in said court then pending wherein David Dick and others were plaintiffs, and Wallace Robinson, adm'r, and others were defendants, allowed upon the petition of Isaac Cales and Austin Handly.

*Cause submitted before Judge P. took his seat on the bench.

Hon. Homer A. Holt, judge of the eighth judicial circuit, rendered the decrees appealed from.

The facts of the case are stated in the opinion of the Court.

*J. W. Davis* for appellants cited the following authorities: 7 W. Va. 356; 10 Gratt. 291; 4 W. Va. 146; Acts 1872, p. 168; 1 Gratt. 407; 6 Leigh 196; 3 Gratt. 148; *Id.* 134; 8 Gratt. 292; J. J. Marsh. 538; 2 Bibb 589; 2 Dana 422; 8 Dana 12; Pow. Cont. 39; 8 B. Mon. 103; 4 Dana 403; 8 Dana 75; 9 Dana 391; *Id.* 396; 3 Mon. 267; 7 B Mon. 62; 12 B. Mon. 472; 4 B. Mon. 263; 6 Gratt. 320; 10 Gratt. 180; 13 W. Va. 474; 6 Mon. 163; 15 Gratt. 551; 18 Gratt. 652; 7 Dana 52; 8 B. Mon. 344.

*R. F. Dennis* for Handly, cited the following authorities: 2 Gratt. 117; 21 Gratt. 201; 25 Gratt. 507; 5 W. Va. 264; 6 W. Va. 1; 11 W. Va. 334; 14 W. Va. 432; 25 Gratt. 410; 30 Gratt. 192; *Id.* 434; Code, ch. 134, § 5; 28 Gratt. 646; 1 Dan. Chy. Pr. (4th ed.) 959 *et seq*; 2 Dan. Chy. Pr. (4th ed.) 994, note 3, 995, notes 1, 2; Rob. (Old) Pr. 406, 407; 2 Munf. 162.

*A. C. Snyder* for appellees cited the following authorities; 30 Gratt. 94; 14 W. Va. 432; 10 W. Va. 748; 11 W. Va. 399; 10 W. Va. 753; Code, ch. 133, § 5; 7 Leigh 346; 28 Gratt. 646; 29 Gratt. 392; 18 Gratt. 364; 7 W. Va. 348; 5 W. Va. 199; 6 W. Va. 417; Story Eq. Pl. § 271; 1 Dan. Ch. Pr. (3d Am. ed.) 342 and notes; *Id.* 345 and notes; 7 J. J. Marsh. 37; 4 Rand. 74; 15 W. Va. 444; 11 W. Va. 274; 1 Freeman (Miss.) 721; 17 How. 130; 1 Edwds. Chy. 46; Code, ch. 132, § 8; 10 Gratt. 154; 6 Gratt. 320.

JOHNSON, PRESIDENT, announced the opinion of the Court:

In December, 1869, David Dick, Virginia Bragg, Isaac Cales and Bethene his wife, late Dick, filed their bill in the circuit court of Greenbrier county alleging, that in 1857 John Dick died intestate in the said county of Greenbrier leaving his children and heirs at law surviving him, John Dick, David Dick, Joseph Dick, Mary Sogers late Dick, Virginia Bragg late Dick, Bethene Cales, late Dick, who intermarried with Isaac Cales; that Joseph Dick in 1857 in the county court of Green-

brier county took out letters of administration on the estate of the said John Dick deceased ; that a large estate came into the hands of said administrator, which he rented ; that in the year 1861 said Joseph Dick died intestate in the said county ; that in 1863 " Austin Handly as a confederate administrator took possession of and administered the estate of said Joseph Dick, and what amount of property came to his hands as administrator of Joseph Dick your plaintiffs are not advised ;" that Joseph Dick died leaving as his children, heirs and distributees Martha, who intermarried with Joseph Bragg, Mary Ann Dick, Elizabeth Dick, David Dick and Ellen Dick, the last four infants ; that on the —— day of ——, 1869, Wallace Robinson was appointed administrator *de bonis non* of John Dick deceased ; that on the —— day of ——, 1869, said Robinson was also appointed administrator of the estate of Joseph Dick deceased.   The plaintiffs charge, that their ancestor, John Dick, left valuable lands lying in Greenbrier county, which have not been partitioned among his heirs.   The prayer of the bill is, that the administration account of Joseph Dick may be settled, and his estate may be made liable for the waste committed by him of the estate of his father and intestate John Dick ; that the account of Austin Handly as administrator of Joseph Dick may be settled ; that the lands of John Dick may be partitioned among his heirs ; and that the accounts of Wallace Robinson as administrator of the estate of Joseph Dick and administrator *de bonis non* of John Dick may be settled ; and for general relief.

The plaintiffs by leave of the court on the 6th day of September, 1878, were permitted to amend their bill by making Joseph W. Fox and Mary his wife parties defendant to the bill ; and thereupon the said parties by J. W. Harris their attorney entered their appearance and took time to answer.   On the 6th day of April, 1871, the court reciting, that the process having been executed and the defendants failing to answer, the cause was heard upon the bill taken for confessed and upon "the answer of Joel McPherson, guardian *ad litem* for the infant defendants, Mary Ann Dick, Elizabeth Dick, David Dick and Ellen Dick ; and the cause was referred to a master-commissioner to settle the account of Joseph Dick, administrator

of John Dick, deceased, and also the account of Wallace
Robinson, the administrator *de bonis non* of John Dick, de-
ceased, and to settle the accounts of said Robinson, adminis-
trator of Joseph Dick, deceased.  And the court then decreed :
"And the court being of opinion, that the confederate admin-
istration of Austin Handly was a nullity and left him a more
tresspasser, the bill is dismissed as to him without costs, leav-
ing the parties to their remedy at law against him."

The commissioner filed his report and found the estate of
Joseph Dick indebted to the estate of John Dick, principal
and interest $1,464.00,

On the 25th of November, 1871, the court confirmed said re-
port.  In the same decree the court referred the cause to com-
missioner John A. Preston to convene the creditors of Joseph
Dick and John Dick, ascertain the debts and priorities and re-
port an account between the heirs of John Dick, &c., and to
report the different parcels of lands of which Joseph Dick
died seized.  The said commissioner returned his report on
the 4th day of April, 1872.  He reports nothing against the
estate of John Dick.  Nothing further was found against the
estate of Joseph Dick.  He also reports, that of the indebt-
edness of Joseph Dick to the estate of John Dick, each dis-
tributee is entitled, there being six including the heirs of
Joseph Dick, to recover $246.56.  He ascertains that Joseph
Dick owned four tracts of land, one of two hundred acres,
one of one hundred and ten acres, one of twenty-seven acres
and one of fifty-eight acres.  On the 19th day of April, 1872,
there being no exception to said report the court by its decree
confirmed the same and reciting the indebtedness of the es-
tate of Joseph Dick to the estate of John Dick, and that
there was no personal property to pay said indebtedness, ap-
pointed a commissioner to sell so much of the said lands as
was necessary to pay said indebtedness to the five heirs of said
John Dick, being five sixths of the whole indebtedness, the
heirs of Joseph Dick being entitled to be credited with the
other sixth.

The commissioner reported, that he had sold the tract of
two hundred acres and that of twenty-seven acres to Isaac
Cales, said Cales paying the portion in cash required and
executing his bond with security for the remainder, and to

James Cales the tracts of fifty-eight acres and one hundred and ten acres. On the 8th day of October, 1872, the report of sale not being excepted to was confirmed ; and a decree was entered appointing a commissioner to collect the residue of the purchase-money and on payment thereof to convey the land so sold, and provided for a distribution of said money. The decree concludes : "And this case is directed to be dropped from the docket, and writs of *habere facias posessionem* are awrded the respective purchasers to put them in possession of the tracts of land purchased by them respectively." On the 17th day of April, 1873, notice by Martha Richman and husband, Mary Ann Fox and husband, David H. Dick, Elizabeth Bragg and husband, and Nancy Ellen Fox and husband, was served on David Dick, Virginia Bragg and others, which notice is as follows : "You are hereby notified, that on the first day of the next term of the circuit court of Greenbrier county, West Virginia, we will move said court to reverse, set aside and annul two certain decrees entered, the one on the 19th day of April, 1872, and the other on the 8th day of October, 1872, by said court in a suit in equity then pending, in which you, David Dick," and others, repeating the names, " and we and others were defendants, for errors apparent upon said decrees, and the proceedings, on which they were pronounced, among which are the following : First, the process was not legally executed on us as defendants. Second, the return shows that Mary Ann Fox was then married, her husband was not served, nor was she by her proper name made defendant to said suit. Third, the bill was erroneously taken for confessed against four of us who were then infants. Fourth, the court erred in confirming the reports of Commissioners Walker and John A. Preston. Fifth, it was error to dismiss the bill as to Austin Handly, administrator of Joseph Dick deceased. Sixth, neither of said decrees was warranted, by the allegations of the bill, or the proofs in the cause."

Austin Handly appeared and answered and opposed the reversal of the decrees. In his answer he says : " By a decree entered in this cause more than five years ago the bill was dismissed as to him (see the decree) and is final ; and that error (if error it be) can only be corrected by appeal

and it is now too late for that." Isaac Cales also answered, and in his answer he insisted upon the statutory bar of five years, and also that more than six months had elapsed since the confirmation of the sale to him.

By a decree entered on the 25th of June, 1879, the court reversed the decrees in the cause pronounced in October, 1872, and prior thereto, and referred the cause to a commissioner for a new account, &c., and to settle among others the accounts of Austin Handly, administrator of the estate of Joseph Dick, deceased. The commissioner made the indebtedness of Joseph Dick, to the estate of John Dick, as of November 1, 1877, $828.33, and found Austin Handly indebted to the estate of Joseph Dick as of the same date, $606.91. On the 20th of November, 1877, with a slight correction, the report of the commissioner was confirmed; and the decree provides : " And the court being of opinion, that the sale made to Isaac Cales by commissioner Davis under a decree pronounced in this cause at the April term, 1872, was null and void, there having been no prayer or facts in the bill filed to authorize any decree for the sale of the lands of Joseph Dick, deceased, but on the contrary the bill prayed for a partition of the lands of the estate of John Dick, deceased, who in fact appears to have had no lands," and declares said decree a nullity as to the purchase of Isaac Cales, and recommits the report to Commissioner Withrow, to ascertain the rents and profits of the land, which is in the possession of Isaac Cales, and the value of any improvements he had put thereon, &c. On the 17th day of June, 1878, the report of commissioner Withrow was corrected and confirmed, and Isaac Cales was allowed $159.55 for taxes paid and improvements after deducting the rental value of the land, and it was ordered that the land be sold to pay the same, if not paid by the heirs of Joseph Dick. On the 14th day of November, 1878, the court rendered a final decree in the cause, distributing the fund, &c. From the aforesaid decrees, rendered after October 8, 1872, the defendants, Handly and Cales appealed.

On the 6th day of April, 1871, the plaintiffs' bill as to Austin Handly was dismissed. A decree dismissing a bill as to a defendant is as to such defendant a final decree. Sec-

tion 5 of chapter 134, page 638 of the Code, declares, that every motion under said chapter shall be after reasonable notice to the opposite party, his agent or attorney, in fact or at law, and shall be within five years from the date of the judgment or decree. In this section there is no saving as to infants or married women. Section 5 of chapter 133 of the Code, page 631, providing for a bill of review limits the time, in which it shall be allowed, to a final decree, to three years, " except that an infant, or an insane person, or a married woman in a case not relating to her separate property, may exhibit the same within three years after the removal of his or her disability."

The defendant Handly appeared to the notice and in his answer insisted on the statutory bar of five years thereto. The decree dismissing the bill as to Handly had been entered more than six years before the service of said notice. As a notice it was clearly barred. But it is contended by counsel for appellees, that if as a notice it is barred, the court will treat the notice as a bill of review to the said final decree. We cannot so treat it even under the liberal rules as to chancery-pleadings laid down in *Laidly* v. *Merrifield*, 7 Leigh 346 ; *Kendrick* v. *Whitney*, 28 Gratt. 646 ; *Dillard* v. *Thornton*, 29 Gratt. 392, and *Hill* v. *Bowyer*, 18 Gratt. 364, cited by counsel for appellees. The notice does not even mention the decree of the 6th of April, 1871, and no reference whatever is made to it in the notice, except that it gives as ground of error 'the dismissal of the bill as to Austin Handly.' This was perhaps sufficient as a notice. Handly appeared to it as such and insisted upon the bar of five years. As a bill of review or a petition for rehearing even, I think, it was entirely insufficient. I do not pretend to indicate, that the bill as to Handly was properly dismissed or the contrary. The decree confirming the sale made to Cales and others was rendered on the 8th day of October, 1872. He could not rely on the limitation pleaded by Handly but relied upon his purchase and the confirmation of the sale to him without any attempt having been made before the confirmation of the sale to review the decree under which it was made. A decree confirming a sale of real estate will not be reversed for an error in the decree ordering the sale, when no steps have been taken in the court

below before the confirmation to reverse said decree. *Charleston Lumber Co.* v. *Brockmeyer et. als.,* 18 W. Va. 586 ; *Beard* v. *Arbuckle et. als., supra.* In some cases, whether generally or not is not now decided, this rule will apply to a party to the suit, who is a purchaser of lands sold under a decree, as well as to a stranger.

In the cause of *Beard* v. *Arbuckle et als.* the purchaser was a party to the suit and a creditor, but not the slightest evidence in the cause appears as to any improper conduct on her part, or any advantage obtained by her by reason of the improper decree of sale.  But it is insisted, that the decree of sale was void ; first, because there were infant defendants, and the cause was heard without evidence.  It certainly cannot be seriously contended, that although a decree was made without sufficient evidence, it was void, merely because some of the defendants were infants, or all even were infants.  It would be a reason for setting aside the decree because of error ; but it certainly could not be said, that such a decree was void. In the second place it is contended, that said decree was void, because it was not warranted by the object and allegations of the bill.  Without discussing the question, whether a decree would be in any case void because not warranted by the object and allegations of the bill, it is a sufficient answer to the objection made here, that the object and allegations of the bill warranted a decree to sell the lands of Joseph Dick to pay his indebtedness to the estate of John Dick.  The bill alleges, that Joseph Dick, one of the said heirs, administered upon the estate of John Dick *and wasted the estate.*  The bill prayed, that his administration-accounts might be settled, so that Joseph's estate might be made to pay its liabilities to the estate of John Dick, and that there might be a partition of the lands of John Dick among his heirs, "and for all such other and further relief as to equity belongs," &c.  It seems to me, that this warranted the sale of Joseph Dick's real estate to pay the indebtedness to the estate of John Dick, if there were not sufficient personal assets to pay it.  The sale made to the appellant Cales must therefore stand.

The decrees rendered in this cause on the the 25th day of June, 1877, on the 20th day of November, 1877, on the 17th day of June, 1878, and on the 14th day of November, 1878,

respectively, are, so far as they affect the appellants, reversed with costs but without prejudice to any right legal or equitable, that the heirs of Joseph Dick may have against the said appellant, Austin Handly, on account of his acts and doings as administrator of Joseph Dick deceased ; and as all of said decrees above referred to except the said decree of June 25, 1877, relate to the account against the estate of Joseph Dick deceased, and as that account is interfered with by the reversal of said decrees as to the appellants, Handly and Cales, the said decrees are also reversed as to all the parties thereto ; and as no one is complaining of the decree of the 25th of June, 1877, except the said appellants, the said decree except as to them is affirmed ; and this cause is remanded to the circuit court of Greenbrier county with instructions to proceed therein according to the principles of this opinion and further according to the rules and principles governing courts of equity.

JUDGES GREEN AND HAYMOND CONCURRED.

DECREES REVERSED IN PART.

CAUSE REMANDED.